**Wes MASSEY, Plaintiff,**

v.

**William "Bill" WILSON and James G. Ricketts, Defendants.**

**Civ. A. No. 79–C–652.**

United States District Court,
D. Colorado.

Feb. 29, 1980.

Wes Massey, pro se.

Tarquin J. Bromley, Asst. Atty. Gen., Denver, Colo., for defendants.

CARRIGAN, District Judge.

■ THIS MATTER comes before the Court on the defendants' (Colorado Department of Corrections Director James Ricketts and Colorado State Penitentiary Superintendent William Wilson's) motion to dismiss the plaintiff's (Wes Massey's) complaint. Massey filed his complaint, pursuant to 42 U.S.C. Section 1983, alleging that the defendant had violated his federal civil rights by making him submit to body cavity searches and by denying him visits with his wife.

### I.

■ Body cavity searches of prisoners are not necessarily "unreasonable . . . [and thus] do not violate [the Fourth] Amendment." *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447, 481 (1979). But in determining the reasonableness of such searches, "[c]ourts must consider . . . the manner in which [they are] conducted." *Id.* Since Massey complains not just about the alleged unreasonableness of the searches generally, but also about the place and manner in which they are conducted, it is necessary to determine whether body cavity searches are being conducted in a reasonable manner. Therefore the portion of Massey's complaint making that claim, should not be dismissed.

### II.

■ Although "prison officials must be accorded latitude . . ." in setting visitation ground rules, they nonetheless must assure that "reasonable and effective means of communication remain open." *Pell v. Procunier*, 417 U.S. 817, 826, 94 S.Ct. 2800, 2806, 41 L.Ed.2d 495, 503 (1974). Since Massey contends that his wife is his only visitor, and that prison officials are asserting, in effect, that visitation is at their whim, it would be inappropriate to dismiss those allegations of his complaint which question the prison's visitation policy.

### III.

■ Personal participation by the defendant in the alleged deprivation of the plaintiff's constitutional rights ordinarily "is an essential allegation in a Section 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). Massey has alleged no such personal participation by Ricketts and, therefore, his complaint and claim for relief against Ricketts must fail.

### ORDER

IT IS ORDERED that the plaintiff's complaint and claim for relief, as against Rick-

etts only, is dismissed. The motion to dismiss his complaint against Wilson is denied.