William McKEE, Plaintiff-Appellant,

v.

Tom HEGGY, Chief of Police, Paul Puckett, Owner, Pucketts Auto Wrecker Service and City of Oklahoma City, Defendants-Appellees.

No. 82–1725.

United States Court of Appeals, Tenth Circuit.

March 29, 1983.

Walter M. Powell, Municipal Counselor, and Michelle G. Porta, Asst. Municipal Counselor, Oklahoma City, Okl., for defendant-appellee City of Oklahoma City.

Ken F. Brown of Birdsong & Brown, Oklahoma City, Okl., for defendant-appellee Puckett.

Before SETH, Chief Judge, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

I

William McKee appeals from the district court's grant of summary judgment in favor of the defendant-appellees in this section 1983 suit.[1] Since Mr. McKee appeals from summary judgment, we construe the pleadings and affidavits in a light most favorable to his case. *McClelland v. Facteau,* 610 F.2d 693, 697 (10th Cir.1979). In that light, the facts are as follows: In October 1979, the Oklahoma City police arrested Mr. McKee for kidnapping. They searched his car, a 1963 Cadillac, and found what they thought were twelve bags of marijuana. The police seized the car for possible use as evidence against Mr. McKee in the kidnapping case, and had defendant Puckett's towing company tow and store it for them.

Mr. McKee claims that the car was registered in his name and that his certificate of title was in the glove box when he was

---

1. Section 1983 provides in part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (Supp.IV 1980).

arrested. In addition, he told an interrogating officer that the car was his, and his parents went repeatedly to the police station to ask about the car. Nevertheless, two weeks after the arrest, apparently having decided not to use the car as evidence and not to go through the procedures required by Oklahoma law for the forfeiture of cars used to transport drugs, the police decided to treat the car as abandoned. They mailed notice of the car's location to "C.S. or Ella Mae King," who, the defendants claim, were the registered owners of the car according to the Oklahoma Tax Commission's records.[2] Having received no answer from the Kings, the police decided to sell the "abandoned" Cadillac at a public auction. They issued public notices of the sale, but made no attempt to notify Mr. McKee. At the auction, defendant Paul Puckett, the owner of the towing company, bought the Cadillac for $200. Mr. McKee was finally told about the sale when it was a *fait accompli*. He then brought this suit under section 1983 for compensatory and punitive damages. The district court granted summary judgment for the defendants. The court held that Mr. McKee had received due process since the notice required by the Okla.Stat.Ann. tit. 47 § 908 (West.Supp.1982), which regulates the sale of abandoned cars impounded by the police, "appears to be reasonably calculated to apprise interested parties of the lien proceeding and also affords an opportunity for a hearing thereon." *McKee v. City of Oklahoma City,* No. 82–1725, mem. op. at 5 (W.D.Okla. May 26, 1982).

## II

Mr. McKee has a cause of action under section 1983 and the fourteenth amendment if he was deprived of property through state action[3] without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The defendants do not deny that Mr. McKee was deprived of property through state action. *See Coleman v. Turpen,* 697 F.2d 1341 (10th Cir.1983). They claim, however, that he was afforded due process before the car was sold. In addition, defendant Heggy, Chief of Police of Oklahoma City, argues that he is not liable because he was not personally involved in the seizure or sale of the car and *respondeat superior* is inapplicable to section 1983 cases.

### A. Due Process

The fourteenth amendment prohibits a state from "finally destroy[ing] a property interest without first giving the putative owner an opportunity to present his claim of entitlement." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 434, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982) (footnote omitted). Furthermore, "the 'right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest' ...." *Greene v. Lindsey,* 456 U.S. 444, 449, 102 S.Ct. 1874, 1877, 72 L.Ed.2d 249 (1982) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). Thus, an opportunity for a hearing provides due process only if preceded by notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657.

---

**2.** Mr. McKee was arrested on October 9, 1979. The defendants claim that approximately one month later, in November 1979, the Oklahoma State Tax Commission listed the car's registered owners as the Kings. However, Plaintiff's Exhibit B, Record, vol. 1 at 145, is a copy of an Oklahoma Certificate of Title in Mr. McKee's name dated September 9, 1979. The Certificate states that "according to the records of the Oklahoma Tax Commission the person named hereon is the owner of the vehicle ...." *Id.*

**3.** Section 1983 provides a remedy for violation of federal rights only if the violations are perpetrated "under color" of state law. However, acts that are "state action" under fourteenth amendment analysis are always "under color of state law" for purposes of § 1983. Thus, we need not separately consider the "under color" requirement. *Lugar v. Edmondson Oil Co.,* —— U.S. ——, —— & n. 18, 102 S.Ct. 2744, 2753 & n. 18, 73 L.Ed.2d 482 (1982).

■ Defendant Puckett's sale of the car extinguished Mr. McKee's title and thereby deprived him of property.[4] The defendants argue that by mailing notice of the. proposed sale of the car to the Kings, allegedly listed in the Oklahoma Tax Commission's records as the registered owners of the car, they satisfied the *Mullane* requirement by following the prescribed State procedure for notifying interested parties of the sale of abandoned vehicles. We recognize that *Mullane* does not preclude a local government from selling abandoned property. *See Texaco, Inc. v. Short,* 454 U.S. 516, 530, 102 S.Ct. 781, 792, 70 L.Ed.2d 738 (1982). However, Mr. McKee alleges, and the defendants do not dispute, that the car was seized from him, not abandoned. A state's ability to dispose of abandoned property does not enable its law enforcement officers to take a citizen's property and dispose of it as they see fit simply by labeling it "abandoned." Thus, the defendants cannot justify their actions merely by arguing that Oklahoma law provides for adequate notice before the sale of an abandoned car. Moreover, the Oklahoma statutes relied on by the defendants appear inapplicable on their face.[5] We therefore deem the Oklahoma abandonment statute irrelevant; we shall apply the *Mullane* standard to the notice given Mr. McKee on the facts of this case.[6]

■ We note first that the Oklahoma City Police Department knew that Mr. McKee was an "interested party" in the sale of the car. The police seized the car from him, he told an interrogating officer that the car was his, and his parents and lawyer went repeatedly to the police station to inquire about the car. Moreover, it would have been but a slight inconvenience for the police to have notified Mr. McKee of the car's impending sale. They knew where he was—he was in the jail where they had left him—and they knew his parents' address. We therefore hold that the posted public notice and the letter to the Kings were not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. Thus, viewing the allegations and affidavits most favorably to Mr. McKee, we find that they establish a prima facie case that he was deprived of property without due process through state action.[7]

C. *Individual Defenses*

■■ 1. *Oklahoma City*—Defendant Oklahoma City is liable under section 1983 for Mr. McKee's deprivation only if the car was sold pursuant to the City's policy or custom. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The record suggests that Mr. McKee's car may have been sold pursuant to the customary procedure of the Oklahoma City Police Department. Affida-

---

4. Mr. McKee was also deprived of property when the police seized the car and when Mr. Puckett's lien was created, but he does not allege that those deprivations occurred without due process.

5. The defendants rely on Okla.Stat.Ann. tit. 47 §§ 901–911 (West.Supp.1982), which apply to cars abandoned "on a highway or other public property." *Id.* at §§ 901, 904. No party disputes, however, that Mr. McKee was arrested, and his car was seized, on private property.

6. Oklahoma's abandonment statute requires that notice of the sale of an abandoned car be sent to "any ... person claiming any interest in the abandoned motor vehicle." Okla.Stat. Ann. tit. 47 § 908(f). Arguably, the Oklahoma City Police failed to comply with Oklahoma law before selling the car. Of course, an act by state officials need not comport with state law

to be a deprivation of property by the state without due process, *Home Telephone & Telegraph Co. v. City of Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913), or to be actionable under § 1983, *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Furthermore, the sale of Mr. McKee's car was not a random, unauthorized act by a state employee. Since it would have been feasible to have provided Mr. McKee with notice before his car was sold, the availability of a state post deprivation remedy does not provide him with due process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

7. On remand, of course, the district court is not bound by the allegations and affidavits.

vit of Norma Bowerman, Record, vol. 1 at 133. *See Webster v. City of Houston,* 689 F.2d 1220 (5th Cir.1982); *Littlefield v. Deland,* 641 F.2d 729 (10th Cir.1981). We leave this issue for the district court on remand. However, Mr. McKee's request for punitive damages from Oklahoma City must be dismissed since punitive damages cannot be awarded against a city defendant in a section 1983 case. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

2. *Defendant Heggy*—A defendant cannot be liable under a *respondeat superior* theory in a section 1983 case. *McClelland v. Facteau,* 610 F.2d 693 (10th Cir.1979). Thus, defendant Heggy is liable to Mr. McKee only if Mr. Heggy participated or acquiesced in Mr. McKee's deprivation or if he inadequately trained or supervised the officers who did. *Id.* As we noted above, the record suggests that Mr. McKee's car may have been sold according to the established procedure of the Oklahoma City Police Department. When viewed most favorably to Mr. McKee, this raises a material issue of fact since Mr. Heggy might have approved of or acquiesced in a constitutionally deficient procedure even though he was unaware of its application in this case. The district court therefore erred in granting summary judgment in favor of defendant Heggy. *See Polk County v. Dodson,* 454 U.S. 312, 325–26, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 (1981); *McClelland,* 610 F.2d at 697.

REVERSED AND REMANDED.