941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Wayne WHITE, Plaintiff-Appellant,
v.
PEOPLE OF the STATE OF COLORADO, Roy Romer, Governor, Gale
A. Norton, Attorney General, Frank Gunter, Executive
Director for the Colorado Department of Corrections, Ronald
Truax, Parole Agent for Parole Department, Colorado Springs,
Colorado, William S. Bridge, Parole Agent, Denver, Canon
City, Colorado, Mark McKenna, Superintendent, Fremont
Correction Facility, and Will Peebles, Case Manager
(F.C.F.), Fremont Correction Facility, Defendants-Appellees.
 No. 91-1135.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. White appeals pro se the dismissal of his pro se civil rights suit.
 
 
 3
 Mr. White, a Colorado prison inmate, filed his action based upon 42 U.S.C. § 1983 and several other statutes. The complaint is convoluted, rambling, conclusory, and voluminous. However, the gravamen appears to be an attack upon his conviction. He complains about his parole status and alleges a conspiracy between defendants.
 
 
 4
 The district court, liberally construing the complaint, analyzed the allegations contained therein and determined it to be vague and conclusory and determined it failed to state a claim upon which relief could be granted.
 
 
 5
 In his appeal to this court, Mr. White continues with the pleading standards contained in his complaint. Mr. White furthermore fails to address with any degree of specificity the reasons advanced by the district court for its decision. Mr. White contends if he had access to discovery procedures he could prove his case; he cites numerous cases to us that have no application to this case and asks that we construe everything liberally.
 
 
 6
 Merely stating his "Due Process and Equal Protection rights have been violated" does not entitle a pro se pleader to a day in court, regardless of how liberally we construe such pleadings. Filing reams of attachments to a pleading also fails to cure the problem.
 
 
 7
 Mr. White has failed to persuade us the actions of the district court were erroneous and we therefore AFFIRM the judgment of the district court for substantially the same reasons set forth by the Magistrate in his Recommendation of March 18, 1991, and by the district court in its Order of April 3, 1991, copies thereof being attached.
 
 
 8
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 9
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Case No. 91-C-120
 
 10
 Larry W. White, Plaintiff,
 
 
 11
 v.
 
 
 12
 People of the State of Colorado, et al., Defendants.
 
 
 13
 April 3, 1991.
 
 ORDER
 
 14
 CARRIGAN, District Judge.
 
 
 15
 Plaintiff, Larry W. White, who is currently incarcerated at the Fremont Correctional Facility, Canon City, Colorado, commenced this civil rights action asserting: (1) that the defendants have violated his due process and equal protection rights; (2) that he is being subjected to cruel and unusual punishment; (3) that he is being subjected to ex post facto laws; and (4) that the defendants are conspiring against him. The case was assigned to Chief Magistrate Judge Donald E. Abram who reviewed the matter and prepared a recommendation pursuant to Local Rule 605. Copies of both the recommendation and the local rule were mailed to the plaintiff on March 19, 1991. Plaintiff has filed an objection to the Magistrate Judge's recommendation.
 
 
 16
 I have examined the entire file, the Magistrate Judge's recommendation and the plaintiff's objection. The Magistrate Judge concluded that the plaintiff's complaint should be dismissed because, inter alia, "it is replete with vague and conclusory statements throughout." In his objection, the plaintiff asserts that the complaint is not vague and conclusory. After reviewing the complaint's allegations liberally, as I must, I conclude that it is vague and conclusory and therefore it must be dismissed. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986).
 
 
 17
 I note that the Magistrate Judge, citing Will v. Michigan Dep't of State Police, 491 U.S. 58, concluded that the State of Colorado and its officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983. In Will, the Supreme Court expressly noted that if a plaintiff seeks injunctive relief only, States and their officials acting in their official capacities are "persons" under § 1983. Because the plaintiff's complaint is vague and conclusory, this does not render the Magistrate Judge's recommendation invalid.
 
 Accordingly IT IS ORDERED that:
 
 18
 (1) Plaintiff's objection is overruled;
 
 
 19
 (2) The Magistrate Judge's recommendation is adopted as the order of this court, except to the extent that it concludes that in actions seeking injunctive relief only, the State of Colorado and its officials acting in their official capacities are not persons under § 1983; and
 
 
 20
 (3) Plaintiff's complaint and action are dismissed without prejudice for failure to adequately state a claim as required by Fed.R.Civ.P. 8 and 12.
 
 
 21
 Civil Action No. 91-C-120.
 
 
 22
 Larry W. White, Plaintiff,
 
 
 23
 v.
 
 
 24
 People of the State of Colorado, Roy Romer, Governor, Duane
 
 
 25
 Woodard, Attorney General, Gale Norton, Attorney General,
 
 
 26
 Frank Gunter, Executive Director for the Colorado Department
 
 
 27
 of Corrections, Ronald Truax, Parole Agent, Parole Dept.,
 
 
 28
 Colorado Springs, Colorado, William Bridges, Parole Agent,
 
 
 29
 Parole Dept., Denver, Canon City, Colorado, Mark McKenna,
 
 
 30
 Superintendent, Fremont Correctional Facility, Will Pebbles,
 
 
 31
 Case Manager, Fremont Correctional Facility, Defendants.
 
 
 32
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 33
 (March 18, 1991).
 
 
 34
 Plaintiff Larry W. White currently is serving a sentence at the Fremont Correctional Facility, Canon City, Colorado, of the Colorado Department of Corrections (the "D.O.C."). He alleges that he pleaded guilty, pursuant to a plea bargain, to rape, that he was sentenced as a sex offender under the Colorado Sex Offenders Act of 1986 (the "Act")[1] by Denver, Colorado, District Court in 1975, and that he was committed to imprisonment for an indeterminate sentence of one day to natural life. He initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges (1) that defendants are violating his due process and equal protection rights under the United States Constitution; (2) that having to serve a life sentence based upon his conviction, and a parole violation unrelated to his conviction, is cruel and unusual punishment; (3) that laws affecting his parole eligibility and parole revocation, and D.O.C. regulations concerning his inmate classification, are subjecting him to ex post facto laws; and (4) that defendants are conspiring against him.[2] He seeks declaratory and injunctive relief. Plaintiff also has filed a motion for temporary restraining order.
 
 
 35
 Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Chief Magistrate Judge Donald E. Abram. The Chief Magistrate Judge has reviewed the petition and the applicable law, and recommends that the petition be dismissed. The Magistrate Judge further recommends that the motion be denied.
 
 
 36
 As plaintiff is representing himself, the complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). See also McKinney v. Oklahoma, No. 90-6282 (10th Cir. Feb. 8, 1991) (to be reported at 925 F.2d 363). To state a valid claim under 42 U.S.C. § 1983, plaintiff must allege that the defendants deprived him of a right secured by the United States Constitution while they acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
 
 
 37
 The primary defect in plaintiff's complaint is that it is replete with vague and conclusory statements throughout. For example, plaintiff complains that defendants are violating his constitutional right to due process. He claims that the Act denied him the right to a jury trial. The Act, however, governs the sentencing of sex offenders, not their right to a jury. He complains that defendants are violating his constitutional right to equal protection. He claims that he is being required to serve a longer period of imprisonment than civilly committed individuals, and yet he fails to support this alleged equal protection claim by factual allegations. He asserts that having to serve a life sentence based upon his conviction, and a parole violation unrelated to his conviction, is cruel and unusual punishment, and yet fails to provide details as to the alleged parole violation, other than that he committed one. He complains that laws affecting his parole eligibility and parole revocation, and D.O.C. regulations concerning his inmate classification are subjecting him to ex post facto laws. He fails, however, to identify these laws and regulations. The complaint, therefore, is vague and conclusory, and must be dismissed. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986); Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983); Wise v. Bravo, 666 F.2d 1328, 1332-33 (10th Cir.1981).
 
 
 38
 As to the claim that defendants are conspiring against him, plaintiff offers nothing more than vague and conclusory allegations concerning such conspiracy. He fails to allege specific facts showing agreement and concerted action among defendants. Conclusory allegations of conspiracy are insufficient to state a valid civil rights claim. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989); Hammond v. Bales, 843 F.2d 1320, 1323 (10th Cir.1988); Sooner Products Co. v. McBride, 708 F.2d at 512.
 
 
 39
 The State of Colorado and its officials acting in their official capacities, i.e., defendants Governor Roy Romer, former Attorney General Duane Woodard, Attorney General Gale Norton and D.O.C. Executive Director Frank Gunter, are not persons under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A lawsuit against a state official in his official capacity is considered a lawsuit against the official's office, and as such, a lawsuit against the state itself. Id. Further, as plaintiff does not allege that either defendant Gunter or defendant Mark McKenna was involved personally in any of the alleged constitutional violations, it is clear that each of these defendants is being sued in his supervisory capacity as D.O.C. executive director or superintendent of the Fremont Correctional Facility respectively. "Personal participation is an essential allegation in a § 1983 action." Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976); Massey v. Wilson, 484 F.Supp. 1332, 1333 (D.Colo.1980). A supervisor may not be held liable in a civil rights action merely because of his supervisory position. Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir.1983). Plaintiff also fails to allege any personal participation in the alleged constitutional violations by parole agents, defendants Ronald Truax or William Bridges, or by Fremont Correctional Facility case manager, Will Pebbles. Such an allegation is essential in a § 1983 action. Bennett v. Passic, 545 F.2d at 1262-63; Massey v. Wilson, 484 F.Supp. at 1333. The complaint should be dismissed as to these defendants.
 
 
 40
 IT THEREFORE IS RECOMMENDED that the complaint be dismissed.
 
 
 41
 IT IS FURTHER RECOMMENDED that the motion be denied.
 
 
 42
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 43
 /s/D.E. Abram
 
 Chief Magistrate Judge
 LOCAL RULES OF PRACTICE
 RULE 605
 Prisoner Petitions
 
 44
 A. Subject to provisions of the United States Supreme Court Rules governing § 2254 and § 2255 cases, the uniform rules of ancillary forms for use in the district court within the Tenth Circuit have been adopted. These rules apply to pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 and motions under Rule 35, Federal Rules of Criminal Procedure, and to civil rights complaints under 42 U.S.C. § 1983. Copies of the uniform rules and ancillary forms shall be made available upon request made to the clerk.
 
 
 45
 B. When presented for filing, pro se petitions under 28 U.S.C. §§ 2241 and 2254 and pro se complaints under 42 U.S.C. § 1983 shall be delivered to a magistrate who shall review the motion and affidavit to proceed in forma pauperis and rule thereon in accordance with 28 U.S.C. § 1915. If the motion is granted, the magistrate shall promptly review the file and, if there is any basis for jurisdiction and possible merit, the Magistrate shall direct the clerk to make service of process.
 
 
 46
 C. If the magistrate determines that the case may be dismissed pursuant to 28 U.S.C. § 1915(d) or F.R.Civ.P. 12, the magistrate shall prepare a recommendation and appropriate order for consideration by a district judge, who shall at that time be selected as provided in Rule 200.
 
 
 47
 D. These cases shall be assigned to a district judge drawn by lot and to a designated magistrate. The assigned magistrate shall review promptly all further pleadings and may:
 
 
 48
 1. Issue such orders as may be needed to obtain a complete record.
 
 
 49
 2. Conduct such evidentiary hearings as may be necessary, including the conduct of on-site depositions and investigations.
 
 
 50
 3. Prepare appropriate findings and recommendations for consideration by the district judge, copies of which shall be mailed to the parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are timely filed, the magistrate's proposed findings and recommendations may be accepted by the district judge and appropriate orders entered without further notice.
 
 
 51
 4. Obtain the expected release date of inmates filing complaints under 42 U.S.C. § 1983 to determine when plaintiffs may be available for trial.
 
 
 52
 (Revisions Effective February 1, 1984)
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Colo.Rev.Stat § 16-13-201 to -216(1986)
 
 
 [2]
 Plaintiff already has raised before the Colorado Supreme Court some of the due process, equal protection, and cruel and unusual punishment arguments he raises here. In People v. White, 656 P.2d 690 (Colo.1983) (en banc), this state's highest court held (1) that the Act is rationally related to the legitimate legislative objective of protecting members of the public from proven dangerous sex offenders, and thus, satisfied state and federal due process requirements; (2) that the Act provides sufficient standards, and is not violative of due process as applied to Mr. White; (3) that the distinction drawn in statutes between release procedures for those criminally convicted under the Act and those civilly committed does not violate equal protection; and (4) that an indeterminate sentence without guaranteed treatment does not constitute cruel and unusual punishment