**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONNIE L. RAILE,

        Plaintiff-Appellant,

v.

JOE ORTIZ, Executive Director
CDOC; FURLONG, Warden Sterling
Correctional Facility,

        Defendant-Appellee.

No. 05-1345
(D.C. No. 05-CV-00170 ZLW)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ronnie Lee Raile is a state prisoner in the custody of the Colorado

Department of Corrections (DOC). He filed a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against various DOC officials,

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

claiming his constitutional rights were violated when he was detained for three days in the county jail without explanation. The district court denied Mr. Raile's request for appointment of counsel, and dismissed his complaint as legally frivolous under 28 U.S.C. § 1915A(b). It likewise denied Mr. Raile's application to proceed *in forma pauperis* (*ifp*) on appeal. Because Mr. Raile is proceeding *pro se*, we review his filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Raile alleges that on February 22, 2000, he was released from DOC custody at the Sterling Correctional Facility in Sterling, Colorado. He claims he was then immediately taken into custody by the Logan County Sheriff's Department and transported to the Adams County Detention Facility in Brighton, Colorado. He was allegedly booked into the Adams County facility, held for three days, and then released on February 25, 2000. Mr. Raile asserts he was never told why he was held at the Adams County facility, nor was he advised of any warrant, detainer, or charges against him.

Mr. Raile filed his *pro se* complaint in district court on January 31, 2005. He named as defendants Bill Owen, Governor of Colorado, Joe Ortiz, Director of the Colorado DOC, and Warden Furlong, of the Sterling Correctional Facility. The district court granted Mr. Raile leave to proceed *ifp*, but denied his request for appointment of counsel. *See* 28 U.S.C. § 1915(e)(1). He was ordered to file

an amended complaint clarifying how each defendant personally participated in the constitutional violations asserted against him.

Mr. Raile filed an amended complaint, removing Bill Owen as a defendant. He contended that Ortiz, as executive director of the Colorado DOC, and Furlong, as head of the Sterling Correctional Facility, were accountable for any DOC actions taken against him, and therefore were properly named as defendants in his § 1983 action. The district court dismissed Mr. Raile's case as legally frivolous, holding that his claims were time barred by the applicable two-year statute of limitations. Alternatively, the court determined Mr. Raile's complaint failed to allege specific facts detailing how defendants personally participated in violating his constitutional rights.

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion. However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citation omitted). Mr. Raile cannot prevail under either standard.

The district court correctly dismissed Mr. Raile's claim as being time barred. The limitations period for civil rights claims in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Mr. Raile's alleged injuries occurred in February of 2000, and he had two years from that

time to file his civil rights claim. He filed this action in 2005, three years after the limitations period had already expired.

Nor do we find error with the district court's conclusion that the facts asserted in Mr. Raile's amended complaint failed to support claims against defendants. Mr. Raile appears to argue that Ortiz and Furlong are responsible for his unexplained three day detention in the Adams County Detention facility because they hold positions of authority within the Colorado DOC. Contrary to Mr. Raile's assertions, however, case law makes clear "[a] defendant cannot be liable under a respondeat superior theory in a section 1983 case." *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential). Because Mr. Raile failed to specifically allege how any named defendant was responsible for his three day detention, the district court correctly dismissed his civil rights action. Mr. Raile's alleged facts do not support an arguable claim against defendants.

We review for abuse of discretion the district court's denial of Mr. Raile's request for appointment of counsel. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, a court should "consider a variety of factors, including the merits of the litigant's claims, the

-4-

nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The district court here summarily denied Mr. Raile's request for counsel as premature. Rec., doc. 12. When a district court does not give detailed reasons for its decision to deny counsel, we may independently review the propriety of the request for representation. *Rucks*, 57 F.3d at 979. Examining the factors articulated in *Williams*, we do not think the district court abused its discretion in denying Mr. Raile's request for counsel. As noted above, Mr. Raile's claims were time barred and lacked a factual or legal foundation.

Finally, we reject Mr. Raile's request to proceed *ifp* on appeal. In order to obtain *ifp* appellate status, Mr. Raile must demonstrate "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citation omitted). The district court certified that Mr. Raile failed to meet this standard, rec., doc. 26, and Mr. Raile has done nothing to counter this conclusion on appeal. We therefore deny leave to proceed *ifp*, and **DISMISS** the appeal.[1]

ENTERED FOR THE COURT

---

[1]All other pending motions are denied as moot.

Stephanie K. Seymour
Circuit Judge