**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD ALLEN,

        Plaintiff–Appellant,

v.

ARISTEDES ZAVARAS; SERGEANT
FRACKMORE; SERGEANT
BOATWRIGHT; OFFICER S. VIGIL;
LT. STANGER,

        Defendants–Appellees.

No. 11-1414
(D.C. No. 1:09-CV-02325-CMA-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Edward Allen appeals the district court's grant of summary judgment in favor of

the defendants in this 42 U.S.C § 1983 action. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

**I**

Allen is in the custody of the Colorado Department of Corrections ("CDOC"). Appellee Aristedes Zavaras is the Executive Director of the CDOC, and appellees Frankmore,[1] Boatwright, Vigil, and Stanger (the "correctional officers") are CDOC employees.

In January 2007, Allen filed a civil action against Joe Ortiz, who was then-Executive Director of the CDOC. In June 2008—a year and a half after Allen filed his complaint—Zavaras issued a CDOC-wide directive increasing the price of photocopying services for inmates from 5 cents to 25 cents per page. Allen filed a second lawsuit on November 19, 2008, asserting that Zavaras violated his constitutional rights by housing him with gang members. The district court did not issue an order granting service until January 16, 2009. However, according to Allen, prison "investigators" questioned him about the suit on December 1, 2008.

On December 8, 2008, Allen was transferred from Kit Carson Correctional Facility to Buena Vista Correctional Facility. Allen's transfer documents list the following two reasons for the move: custody issues at Kit Carson, and Allen's classification as an adjudicated sex offender who did not meet the criteria for participation in treatment. For ostensibly the same reasons, the CDOC transferred Allen

---

[1] This appellee's name is correctly spelled Frankmore; however, he has not moved to correct the case caption.

again in April 2009 to Crowley Correctional Facility, and again in June 2009 to Arkansas Valley Correctional Facility.

When he arrived at Arkansas Valley, Allen refused to enter his cell because he felt threatened by his assigned cellmate. Allen informed officers Frankmore, Boatwright, and Vigil that the cellmate was a gang leader. He also relayed a threat from the cellmate and an alleged gang subordinate that they would not allow Allen to move into the cell. However, the cellmate denied threatening Allen, and did not act inappropriately in the officers' presence.

Frankmore, Boatwright, and Vigil used force to attempt to place Allen in the assigned cell. Allen resisted, first actively by dragging Frankmore, then passively by slumping to the floor and refusing to move. The correctional officers unsuccessfully attempted pressure point methods to gain compliance. Allen cooperated only when the officers told him he would be taken for a medical examination. As the correctional officers escorted Allen to the medical bay, Allen claims that Vigil bent his wrist over the handcuffs. Allen also claims that Stanger told him en route that he could be housed with other sex offenders if he was willing to participate in a treatment program.[2]

Allen filed the present suit under § 1983 asserting three claims for relief: (1) Zavaras transferred him from facility to facility in retaliation for filing the November

_____

[2] In his briefing, Allen asserts new facts not included in his complaint or the record before the district court on summary judgment. We will not consider these facts on appeal.

2008 action; (2) Zavaras retaliated against him by increasing the amount inmates pay for photocopies; and (3) Frankmore, Boatwright, Vigil, and Stanger violated his Eighth Amendment rights by using excessive force and being deliberately indifferent to his safety.

Both sides moved for summary judgment. Allen sought to have the defendants' motion and response to Allen's motion stricken for untimeliness. The district court denied Allen's motions to strike, and granted summary judgment for Zavaras and the correctional officers.

## II

We review for abuse of discretion the district court's order denying a motion to strike a pleading. Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1377 (10th Cir. 1996). Allen asserts that the defendants mailed their filings several days after the date they certified. The district court denied the motion because Allen failed to provide any evidence to support his assertion and because Allen could not establish prejudice. These reasons adequately support the district court's exercise of its discretion. Accordingly, we affirm the district court's denial of Allen's motions to strike.

## III

We review the district court's grant of summary judgment de novo, and may affirm the district court's decision on any grounds supported by the record, even those upon which the district court did not rely. Pietrowski v. Town of Dibble, 134 F.3d 1006,

-4-

1008 (10th Cir. 1998). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the facts "must be viewed in the light most favorable" to Allen. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, "[c]onclusory allegations . . . do not fulfill a nonmoving party's obligation when faced with . . . a motion for summary judgment." Handy v. Price, 996 F.2d 1064, 1068 (10th Cir. 1993).

## A

We affirm the district court's dismissal of Allen's claims against the defendants in their official capacities. Notwithstanding Allen's contention that "Eleventh Amendment immunity does not exist," it is well established that the Eleventh Amendment precludes suits in federal court seeking retroactive declaratory or monetary relief from state officials acting in their official capacities. See Hill v. Kemp, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (monetary relief); Johns v. Stewart, 57 F.3d 1544, 1554-55 (10th Cir. 1995) (retroactive declaratory relief).

## B

To prevail on his claims that Zavaras retaliated against him by transferring him and increasing the cost of photocopying for all inmates, Allen "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Further, Zavaras cannot be

-5-

held liable for retaliation under § 1983 unless he caused or participated in the alleged retaliation.  See McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  We agree with the district court that Allen did not present evidence from which a reasonable factfinder could conclude that Allen's protected activity caused Zavaras to personally retaliate against him.

C

Government officials sued in their individual capacities are entitled to qualified immunity from liability provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To determine whether the correctional officers' use of force violated Allen's clearly established rights under Eighth Amendment, we ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  All of the evidence in the record indicates that Frankmore, Boatwright, and Vigil[3] employed force against Allen to restore discipline after he physically resisted and refused to comply with their orders.  We therefore conclude that the officer's use of force did not violate Allen's clearly established Eighth Amendment rights.

---

[3] There is no evidence that Stanger used force on Allen, and it is not clear that Allen makes an excessive force claim against Stanger.

-6-

We also affirm the district court's decision to grant qualified immunity to the officers on Allen's "failure to protect" claim. To prevail on this claim, Allen must show: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) "that the prison official has a sufficiently culpable state of mind, i.e., that he or she is deliberately indifferent to the inmate's health or safety." Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotations omitted). "In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quotation omitted). There is no evidence—or even any allegation—that Stanger attempted to place Allen in the cell with a gang member. With respect to Frankmore, Boatwright, and Vigil, we agree with the district court that Allen's own estimation of the assigned cellmate's dangerousness is insufficient. Although Allen did "not have to await the consummation of threatened injury to obtain preventative relief," he must "furnish more than a conclusory claim of being afraid." Id. at 1205.

## IV

We **AFFIRM**. Because Allen has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v.

<u>Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis and order the immediate payment of the unpaid ballance.


Entered for the Court


Carlos F. Lucero
Circuit Judge