FILED
United States Court of Appeals
Tenth Circuit

October 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD ORYEM,

      Plaintiff–Appellant,

v.

WILLIAM RICHARDSON, individually
and in his official capacity, a/k/a Bill;
ARTHUR PEPIN, individually and in his
official capacity; KAREN JANES,
individually and in her official capacity;
ISABEL CHAVEZ, individually and in
her official capacity; TAMMY A.
BENAVIDEZ, individually and in her
official capacity; DEPARTMENT OF
PUBLIC SAFETY, State of New Mexico,
ex rel.; NEW MEXICO STATE POLICE,
State of New Mexico, ex rel.;
TAXATION & REVENUE
DEPARTMENT, State of New Mexico,
ex rel.; MOTOR VEHICLE DIVISION,
State of New Mexico, ex rel.; STATE OF
NEW MEXICO,

      Defendants–Appellees.

No. 12-2070
(D.C. No. 2:10-CV-01221-RB-LAM)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

_____

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not

Continued . . .

Before **LUCERO**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Edward Oryem, proceeding pro se, sued New Mexico state officials for alleged violation of his constitutional rights. The district court dismissed Oryem's claims against all but one defendant and entered summary judgment for the remaining defendant. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Oryem, an African-American male, received a traffic citation on November 5, 2009, for failure to dim his lights. Oryem's trial was scheduled for February 11, 2010, in Socorro County, New Mexico. Nonetheless, almost a month before trial was set, a notice of nonappearance was entered. Based on the mistaken belief that Oryem had failed to appear for trial, a bench warrant for Oryem's arrest was issued on January 19, 2010. On January 20, 2010, the presiding state judge noticed the error and orally quashed the warrant. Oryem filed a motion to quash the warrant on January 26, 2010.

Oryem filed the present suit under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act ("NMTCA"), asserting various claims for relief: (1) Tammy Benavidez, the assigned warrant-enforcement clerk, was unconstitutionally motivated by Oryem's race

binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in issuing the warrant; (2) Benavidez's superiors violated Oryem's equal protection, due process, and Fourth Amendment rights because they knew or should have known that Benavidez was targeting African-Americans and failed to adequately train warrant-enforcement employees; (3) New Mexico is responsible for the acts and omissions of the individual defendants under the NMTCA; and (4) Isabel Chavez, Court Manager of the Socorro Magistrate Court, had not removed the warrant from all law-enforcement databases, entitling him to declaratory and injunctive relief.

The district court dismissed Oryem's claims against all defendants except his claims for declaratory and injunctive relief against Chavez. The court concluded that Oryem had stated a cognizable claim against Chavez by alleging that she had entered the improper bench warrant into a law-enforcement information system, exposing Oryem to the risk of false arrest. Moving for summary judgment, Chavez presented evidence that the quashed warrant was never sent to any law-enforcement database. The district court accordingly granted summary judgment in her favor. Oryem timely appealed.

**II**

Oryem argues that the district court erred in dismissing of all his claims aside from those against Chavez. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). In doing so, "we assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." Id. In order to withstand a motion to dismiss, there must be "enough facts to state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

allegations, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**A**

We first review the district court's dismissal of Oryem's § 1983 claims against

Benavidez and her superiors. To prevail on a § 1983 claim, a plaintiff must show that the

defendants personally participated in a constitutional violation, see Mitchell v. Maynard,

80 F.3d 1433, 1441 (10th Cir. 1996), or "personally directed the violation or had actual

knowledge of the violation and acquiesced in its continuance," Beedle v. Wilson, 422

F.3d 1059, 1074 (10th Cir. 2005).

Oryem fails to allege any facts to support his claim that Benavidez discriminated

against him on the basis of his race or that Benavidez's superiors were involved. See

McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983) (superiors cannot be held liable

unless they individually participated or acquiesced in the alleged § 1983 violation).

There are also insufficient factual allegations that any of the defendants violated his right

to substantive due process by acting to "shock[] the conscience." See Camuglia v. City

of Albuquerque, 448 F.3d 1214, 1222 (10th Cir. 2006). Finally, Oryem's Fourth

Amendment claims fail because there was no seizure pursuant to the warrant. See

Childress v. City of Arapaho, 210 F.3d 1154, 1156 (10th Cir. 2000). Accordingly,

dismissal of these claims was appropriate.

**B**

The district court dismissed Oryem's claims against New Mexico under NMTCA because the state has not waived its immunity in this case. NMTCA preserves sovereign immunity for tort claims unless specifically waived. N.M. Stat. § 41-4-4; see Fernandez v. Mora-San Miguel Elec. Coop., Inc., 462 F.3d 1244, 1250 (10th Cir. 2006). Oryem cursorily mentions in his opening brief that New Mexico has a history of issuing unconstitutional and retaliatory bench warrants, but does not address the immunity issue. We see no reason to disturb the district court's ruling.

## III

We review the district court's grant of summary judgment for Chavez de novo, "viewing the evidence in the light most favorable to the nonmoving party." Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is warranted only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). "Conclusory allegations . . . do not fulfill a nonmoving party's obligation when faced with affidavits and a motion for summary judgment." Handy v. Price, 996 F.2d 1064, 1068 (10th Cir. 1993).

In granting summary judgment for Chavez, the district court ruled that Oryem failed to show that injury could stem from the quashed warrant. We agree. Chavez submitted undisputed evidence demonstrating that the warrant was duly cancelled and never entered into any law-enforcement database. Oryem offers only conclusory statements in response. Because Oryem's allegations lack factual support, summary judgment for Chavez was proper.

**IV**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.  We **DENY** Oryem's motion to proceed in forma pauperis because he has failed to make a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge