800 F.2d 188
 Betty June COLEMAN; Doyle James Williams, Appellants,
v.
Diane GARBER, Prosecuting Attorney, Callaway County; Ted
Salmons, Sheriff, Rod McCreary; Ken Bishop,
Deputy Sheriff, Callaway County, Appellees.
 No. 85-1804.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1986.
Decided Aug. 28, 1986.
 
 William B. Bates, Kansas City, Mo., for appellants.
 Elwood L. Thomas, Kansas City, Mo., for appellees.
 Before LAY, Chief Judge, and HEANEY and JOHN R. GIBSON, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 Betty June Coleman and Doyle J. Williams appeal from an order of the district court[1] dismissing their cause of action under 42 U.S.C. Secs. 1985 and 1986. For reversal, they argue that the district court abused its discretion in dismissing their complaint as frivolous and malicious under 28 U.S.C. Sec. 1915(d) and erred in dismissing the complaint on res judicata grounds and on the ground there was an adequate and available state remedy. We affirm.
 
 FACTS
 
 2
 Plaintiffs-appellants, Doyle J. Williams and Betty June Coleman, are prisoners of the State of Missouri as a result of criminal convictions. As part of these underlying criminal prosecutions, appellees allegedly seized certain items of personal property belonging to appellants. Appellants then sought return of this property through replevin-conversion actions in state court.
 
 
 3
 After a lengthy delay in the state replevin actions, appellants brought a federal suit against appellees Garber and Salmons alleging that Garber, Salmons and their agents, seized appellants' personal property without due process of law. Coleman v. Salmons, No. 83-4396-CV-C-5-6 (W.D.Mo.1983). The district court dismissed this action on the ground that appellants' had an adequate state remedy via a replevin-conversion action. This Court affirmed on this same ground.
 
 
 4
 After continuing and inordinate delays in the state replevin-conversion actions, appellants then brought the present action alleging that appellees conspired to deprive appellants of their property so that appellants would be unable to hire counsel to aid them in defense of their criminal cases and in their attempt to recover their property. The magistrate to whom the case was referred recommended its dismissal on two grounds. First, that under the doctrine of res judicata, the suit was barred by the final judgment in Coleman v. Salmons, No. 83-4369-CU-C-5 (W.D.Mo.1983). Second, that the suit should be dismissed as "frivolous" and "malicious" under 28 U.S.C. Sec. 1915(d). The district court adopted the magistrate's report and dismissed the action. Believing that the gist of appellants' complaint was that their property had still not been returned, the court alternatively found that appellants had an adequate state remedy to redress their complaint.
 
 
 5
 Coleman and Williams appealed and we granted oral argument and appointed counsel because we were concerned that the several years of delay in resolving appellants' state replevin-conversion actions established that they did not have an "adequate" state remedy and that they should be allowed to recover damages through a federal action.
 
 DISCUSSION
 
 6
 Appellants raise several arguments on why the district court erred in finding their suit "frivolous and malicious" and barred by res judicata. Appellees directly address these arguments and also argue that, in any event, appellants' complaint fails to state a claim upon which relief could be granted. Neither party has adequately addressed the issue which concerned us of why the underlying state court replevin-conversion actions have taken such an inordinate amount of time to resolve.
 
 
 7
 We agree with the state that appellants have failed to state a claim under 42 U.S.C. Secs. 1985 or 1986, and that the district court's dismissal of this action must be affirmed.
 
 
 8
 In Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), the Court noted that section 1985 prescribes five kinds of conspiracies that interfere with
 
 
 9
 (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections.
 
 
 10
 460 U.S. at 724, 103 S.Ct. at 1486-87.
 
 The Court then held that:
 
 11
 Three of the five broad categories, the first two and the fifth, relate to institutions and processes of the Federal Government--federal officers, Sec. 1985(1); federal judicial proceedings, the first portion of Sec. 1985(2); and federal elections, the second part of Sec. 1985(3). The statutory provisions dealing with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws. Nor was such language found in the corresponding portions of Sec. 2 of the 1871 Act. See Appendix.
 
 
 12
 The remaining two categories, however, encompass underlying activity that is not institutionally linked to federal interests and that is usually of primary state concern. The second part of Sec. 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and the first part of Sec. 1985(3) provides a cause of action against two or more persons who "conspire or go in disguise on the highway or on the premises of another." Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws.
 
 
 13
 ....
 
 
 14
 "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."
 
 
 15
 460 U.S. at 724-26, 103 S.Ct. at 1486-88 (footnotes and citation omitted).
 
 
 16
 Here, plaintiffs bring a cause of action under the two-part section 1985(2). Our review of the complaint and the facts reveals that appellants have failed to state a cause of action under either part. First, they fail to state a cause of action under the first part of section 1985(2) because they do not allege interference with the administration of justice in federal court.[2] Second, they fail to state a cause of action under the second part of section 1985(2) because they fail to allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Kush, 460 U.S. at 726, 103 S.Ct. at 1487. Accordingly, the district court's dismissal of their section 1985 claim is affirmed. Additionally, because there is no valid claim under section 1985, there is no valid claim under section 1986.[3] See 42 U.S.C. Sec. 1986; Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir.1984).
 
 
 17
 Affirmed.
 
 
 
 [1]
 The Honorable Edward F. Sachs, United States District Judge for the Western District of Missouri
 
 
 [2]
 In their reply brief, appellants suggest that they might be able to amend their complaint to add an allegation of interference with the administration of justice in federal court. However, they fail to point to any pending federal case or any other facts in support of this new allegation. The gist of their conspiracy claim is that appellees conspired to produce appellants' murder convictions in state court. Additionally, appellants suggest that appellees may have conspired to prevent appellants from getting their property back in state court
 
 
 [3]
 We note the continuing delay in resolution of the underlying state conversion-replevin actions. Here, a relatively simple problem of resolving whether appellees are unlawfully retaining appellants' property has been converted into several expensive and time-consuming state and federal suits. The whole point of deferring to the state courts in the first instance was that this would conserve time and resources. This was not the case. There was no excuse for the several years of delay in resolving appellants' claims for return of their property. At oral argument, the parties advised this Court that a hearing on the merits of that dispute would finally be held in May of 1986. A hearing was held on May 22, and on July 23, 1986, an order was entered authorizing the transfer of the property to appellants' representative. On August 10, this Court again inquired about the status of this property. Finally, on August 12, the property was transferred to appellants' agent