960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lonnie D. SNELLING, Appellant/Appellee,
v.
ST. LOUIS COUNTY HOUSING AUTHORITY; Charles Gaebler,
Appellees/Appellant,
 Nos. 91-3331/91-3334.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 9, 1992.
Filed: April 15, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lonnie Snelling appeals the magistrate judge's[1] entry of judgment in favor of defendants following a hung jury on his race discrimination action. We affirm.
 
 
 2
 Snelling sued the St. Louis County Housing Authority (Housing Authority) and its inspector, Charles Gaebler. He claimed defendants discriminated against him on the basis of race, in violation of 42 U.S.C. §§ 1981, 1983, 1986 and 2000d, and the Fourteenth Amendment, when they refused to approve his lease with a tenant under the Section 8 voucher program. Defendants asserted that the lease was not approved because the amount of rent was unreasonable based on information for comparable rental units and HUD regulations authorized disapproval of leases on this basis.
 
 
 3
 At the close of the evidence, the magistrate judge directed a verdict in favor of the Housing Authority and took under submission Gaebler's motion for a directed verdict. The jury returned a verdict for defendant Gaebler; however, when the court polled the jury, one juror admitted that this was not her verdict. The magistrate judge subsequently granted Gaebler's motion for entry of judgment in accordance with his motion for a directed verdict. See Fed. R. Civ. P. 50(b).
 
 
 4
 On appeal, Snelling argues that the magistrate judge erred in directing a verdict in favor of defendants; in denying his motion for a new trial on the grounds of juror misconduct, lack of a stipulation by the parties to a less-than-unanimous verdict, and newly discovered evidence; in excluding certain of his exhibits and in soliciting hearsay testimony from witness Kelly Loos; and in denying his motion to amend the judgment and make additional findings of fact. Defendants cross-appeal the magistrate judge's denial of their motions for attorney's fees pursuant to 42 U.S.C. § 1988 and for Rule 11 sanctions.
 
 
 5
 In reviewing the magistrate judge's grant of a directed verdict in favor of defendants, we must assume the evidence supporting Snelling's position is true and give him the benefit of all inferences reasonably drawn from that evidence. See Grogg v. Missouri Pacific R.R. Co., 841 F.2d 210, 211-12 (8th Cir. 1988). The court below correctly granted a directed verdict only if "all the evidence points one way and is susceptible of no reasonable inferences sustaining [Snelling's] position." See Bell v. Gas Serv. Co., 778 F.2d 512, 514 (8th Cir. 1985).
 
 
 6
 Each of Snelling's theories of recovery is viable only if defendants intentionally treated Snelling differently because of his race. See Williams v. City of Sioux Falls, 846 F.2d 509, 510-11 (8th Cir. 1988) (claims brought pursuant to sections 1981, 1983 and 2000d require proof of intentional discrimination); Taylor v. City of St. Louis, 702 F.2d 695, 697 (8th Cir. 1983) (42 U.S.C. § 1985(3) requires intent to deprive plaintiff of equal protection); Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986) (valid claim under section 1985 prerequisite for claim under section 1986). Although Snelling provided some evidence that $335 per month was a reasonable rent, upon careful review of the record we conclude that his evidence does not support an inference that defendants' opposite conclusion was based on race.
 
 
 7
 Snelling's arguments for a new trial based on juror misconduct and lack of a stipulation to a less-than-unanimous verdict are moot because the court correctly granted a directed verdict. In addition, the magistrate judge did not abuse his discretion in denying Snelling's motion for a new trial based on newly discovered evidence. See E.E.O.C. v. Rath Packing Co., 787 F.2d 318, 331 (8th Cir.) (to obtain new trial on grounds of newly discovered evidence party must establish that evidence was discovered after trial, he exercised diligence to obtain the evidence before trial, the evidence is not merely cumulative or impeaching, the evidence is material, and the evidence is such that a new trial would probably produce a new verdict), cert. denied, 479 U.S. 910 (1986).
 
 
 8
 Any error in excluding certain of Snelling's exhibits was harmless and without prejudice to Snelling, and therefore not reversible under Federal Rule of Civil Procedure 61. There was substantial testimony at trial regarding the contents of these exhibits; their admission would have been cumulative and would not have affected the result. See Boeing Airplane Co. v. O'Malley, 329 F.2d 585, 599-600 (8th Cir. 1964). Further, Snelling did not object at trial to the magistrate judge's questioning of witness Loos and there is no indication that the magistrate judge relied on this testimony in directing a verdict in favor of defendants. See Fed. R. Evid. 103 (error may not be predicated upon ruling which admits evidence unless a substantial right of the party is affected and a timely objection or motion to strike appears of record). Finally, the magistrate judge did not err in denying Snelling's motion to amend the judgment and make additional findings of fact as the court was not required to make such findings in directing the verdict. Compare Fed. R. Civ. P. 50 with Fed. R. Civ. P. 52.
 
 
 9
 Regarding defendants' cross-appeal, we conclude that the magistrate judge did not abuse his discretion in denying defendants' motions for sanctions and attorney's fees. See Pulaski County Republican Comm. v. Pulaski County Bd. of Election Comm'rs, No. 91-1750, slip op. at 3 (8th Cir. Feb. 4, 1992) (standard of review).
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri, presiding with consent of the parties pursuant to 28 U.S.C. § 636(c)