963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert J. OLSON, Appellant,
v.
David P. ANDERSON; The Honorable John Moody; John Lewis;
June Olson; Radonna Scroggins; Terry Scroggins;
Janet Glass; John Hopkins; Michael
Carr, Appellees.
 No. 91-3201.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: May 8, 1992.
Filed: May 20, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arises from state-court domestic litigation. After Judge Moody suspended Robert J. Olson's joint custody rights to his children, Olson brought this action under 42 U.S.C. §§ 1983, 1985(2), 1986, and state law against Judge Moody, Chief Judge Anderson, Court Clerk Michael Carr, and several private individuals (collectively appellees). Olson claimed the appellees, acting either as state officials or in concert with state officials, took part in a scheme to charge and convict Olson of attempted kidnapping, which resulted in the loss of his custodial rights. Olson also claimed the appellees' actions were motivated by Olson's membership in a class of "fathers engaged in domestic litigation," and in furtherance of a policy of awarding fathers less access and fewer parental rights to their children than mothers. The district court entered judgment in favor of the appellees.
 
 
 2
 We conclude the district court properly rejected Olson's claims. Olson failed to state a claim for injunctive relief under section 1983 against Judge Moody, Chief Judge Anderson, and Court Clerk Carr. Olson also failed to show the remaining appellees conspired with state officials to deprive him of his constitutional rights, and thus, Olson is not entitled to relief against these appellees under sections 1983, 1985, or 1986. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (private individuals may act under color of state law when they conspire with state officials, but in order to state conspiracy claim, plaintiff must allege specific facts showing "meeting of the minds"); Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986) (if there is no valid claim under section 1985, there is no valid claim under section 1986). We also conclude the district court properly refused to exercise pendent jurisdiction over the claims brought under state law.
 
 
 3
 Accordingly, we affirm the district court's judgment. We deny the appellees' request for sanctions under Federal Rule of Appellate Procedure 38.