992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry M. TURNER, Plaintiff-Appellant,
v.
John WAIHEE, et al., Defendants-Appellees.
 No. 92-16715.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry M. Turner, a Hawaii state prisoner, appeals from the district court's award of summary judgment to the defendants in his civil rights action below. This court has jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The action below arose out of an incident in 1990, in which appellant's jaw was broken in a fight with another inmate. Appellant filed this action against various state and prison officials, alleging violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985(3) and 1986. The magistrate-judge issued a recommendation that defendants' motion for summary judgment be granted. The district court, in a 21 page opinion reviewing the recommendation de novo and making independent findings of fact, adopted the report in part and awarded summary judgment.
 
 
 4
 This court reviews an award of summary judgment de novo. See Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Summary judgment is proper when there are no genuine issues as to any material fact. Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must produce some evidence or specific facts to rebut the factual allegations and evidence in the motion for summary judgment. See id. at 586-87.
 
 Deliberate Indifference Claim
 
 5
 Appellant alleged that defendants refused to provide him with sufficient medical treatment or to place him in the infirmary, where he would have adequate access to medical care while his jaw was wired. The district court properly awarded judgment on appellant's deliberate indifference claim because appellant's unsupported assertions failed to allege a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).
 
 
 6
 Appellant's assertions about defendants' failure to let him remain in the infirmary do not support a claim of deliberate indifference where appellant failed to rebut evidence that sufficient medical attention was available to him in the Special Holding Unit, and where appellant failed to allege any facts that would support an allegation that officials were deliberately indifferent to any medical needs. Further, appellant has failed to allege that any serious medical needs actually existed. Id.
 
 Conspiracy Claim
 
 7
 Appellant alleged that defendants engaged in a conspiracy to murder him, in furtherance of which they covered up his need for medical treatment and their refusal to treat him. The district court properly granted summary judgment on this claim.[1]
 
 
 8
 Appellant's conspiracy theory is based entirely on vague and unsubstantiated assertions which fail to comprise even an allegation of invidious discrimination, and which fail to state a claim for conspiracy under 42 U.S.C. § 1985(3). Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir.1980). Consequently, appellant's claim under section 1986 necessarily fails as well. See Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir.1984).
 
 
 9
 Appellant's allegation that defendants denied his parole request as part of the continuing conspiracy to murder him was properly rejected as barred by the doctrine of collateral estoppel because he had previously litigated that claim in Turner v. Sumner, CV-91-00305-HMF, certificate of probable cause denied, 92-15205 (9th Cir.1992). See Robi v. Five Platters Inc., 838 F.2d 318, 322 (9th Cir.1988) (issue preclusion).
 
 Fraud and Waiver Claims
 
 10
 Appellant alleged that defendants committed fraud upon the court in a prior litigation, Turner v. Shimoda, CV-87-00740-HMF, aff'd, 936 F.2d 580 (9th Cir.1991) (Table, Text in Westlaw). The district court properly granted summary judgment on this claim because appellant has already litigated this claim in Turner v. Price, CV-90-0006-DAE, aff'd, 936 F.2d 580 (9th Cir.1991) (Table, Text in Westlaw). See Robi v. Five Platters Inc., 838 F.2d at 321 (relitigation of identical claim barred by res judicata).
 
 
 11
 Likewise, the district court properly granted summary judgment on appellant's claim that defendants tried to force him to waive his right to protection in prison, as that claim had been raised and dismissed in Turner v. Haynie, CV-90-00144-DAE. See Robi, 838 F.2d at 322 (litigation of same issue against different parties barred by collateral estoppel).
 
 Remaining Federal Claims
 
 12
 Appellant alleged that the prison doctors had prescribed two conflicting medications over a three year period. Because appellant did not allege that such action violated his constitutional rights, it is impossible to tell whether this allegation is meant to support a deliberate indifference to medical needs claim under the Eighth Amendment, or whether it is offered as further evidence of a conspiracy under 42 U.S.C. § 1985(3). In either case, the district court properly granted summary judgment. Appellant failed to produce any evidence whatever to rebut the sworn affidavits of medical professionals that the two medications were not in fact inconsistent. Appellant further failed to allege any actual harm resulting from his ingestion of those medications.
 
 
 13
 Appellant also alleged that certain defendants threatened his life in front of a witness. Again, it is unclear what federal right this alleged action is supposed to have violated. In any event, the allegation was completely unsubstantiated by any affidavits, either from the supposed witness or from appellant himself, who failed to even mention it in his affidavits. Thus, the district court properly granted summary judgment on this claim.
 
 State Law Claims
 
 14
 The district court dismissed appellant's remaining claims, arising under state law, and refused to exercise its pendent jurisdiction over those claims.[2] The district court acted well within its broad discretion to dismiss these claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) (federal courts without jurisdiction to force state officials to enforce state laws).
 
 Motion for Reconsideration
 
 15
 Appellant argues on appeal that the district court erred in denying his timely motion for reconsideration of the award of summary judgment because the judgment contained numerous factual inaccuracies. We disagree.
 
 
 16
 The district court may grant reconsideration if the motion raises new factual or legal arguments not previously available, or if the motion demonstrates a clear error or manifest injustice in the judgment. See Decker Coal Co. v. Hartman, 706 F.Supp. 745, 750 (D.Mont.1989). Appellant's motion for reconsideration raised no new legal arguments. The motion merely attempted to rebut factual findings in the judgment with new factual claims. Those claims, however, were known to appellant prior to the entry of judgment, and were properly rejected in the motion for reconsideration. Id.
 
 Conclusion
 
 17
 Because we find that the district court did not err in awarding summary judgment to defendants on all claims in the amended complaint and in denying appellant's motion for reconsideration, we affirm the judgment of the district court.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based on this holding, we affirm the district court's order denying appellant's motion for leave to file a second amended complaint, adding new parties to the conspiracy claims but not adding new facts or support for his allegations. We agree that such an amendment would have been futile. See Klamath-Lake Pharm. Assoc. v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir.1983)
 
 
 [2]
 In his motion for reconsideration before the district court, appellant expressed his apparent belief that defendants' alleged failure to comply with prison policy in housing him in Special Holding violated some federally protected liberty interest. We disagree. See Hewitt v. Helms, 459 U.S. 460, 472, 474 (1983) (prison officials given wide latitude in placing prisoners; no federally protected liberty interest created in housing decision unless state regulation mandates specific placement under specific circumstances)