13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ross G. DEES, Plaintiff-Appellant,
v.
Rogenia WILSON, Robert J. Weatherbie, John I. Taylor, Carl
J. Buchman, Bonnie E. Roberts, Betty M. Nichols, Floyd J.
Grimes, Brad Fogo, Stephen D. Hill, Richard M. Smith, Ronald
Joeckel, Jeff Thompson, Marvin B. Clark, Edward E. Dawson,
Scott Botcher, William D. Bright, Lee H. Tetwiler, John A.
Wilson, Virgil Basgall, Lisa Baugher, Ray D. Riggs, Jim
Conner, George Zakoura, Lawrence Guenther, Charles Schooler,
Dan Morgan, David L. Miller, The City of Paola, Kansas,
Defendants-Appellees.
 No. 93-3031.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. Background
 
 2
 Ross Dees was convicted for violating a building code ordinance of the City of Paola, Kansas. After refusing to pay a fine, he was held in contempt of court and was incarcerated in the Miami County jail. Following his release, Mr. Dees brought a civil rights action in federal district court against several individuals, including defendants-appellees George Zakoura, Lawrence Guenther, Charles Schooler, Dan Morgan and David Miller. In his first amended and more definite complaint, Mr. Dees alleged that the defendants violated his constitutional rights in derogation of 42 U.S.C.1983, 1985 and 1986 by confining him in a jail with substandard conditions. The district court granted the defendants' motion to dismiss the 1985 and 1986 claims for failure to state a claim upon which relief could be granted. Reasoning that the defendants were entitled to absolute and qualified immunity, the district court also dismissed the 1983 claim. Mr. Dees appeals. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.[2]
 
 II. Discussion
 
 3
 A. Dismissal of 42 U.S.C.1985 and 1986 Claims
 
 
 4
 We review the district court's dismissal of Mr. Dees' 1985 and 1986 claims de novo. United States v. Hardage, 985 F.2d 1427, 1433 (10th Cir.1993). "[T]he dismissal of a complaint is proper if, taking all well-pleaded facts as true and construing them in the light most favorable to the plaintiff, it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. (quoting National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.1989)). Because Mr. Dees proceeds pro se, we liberally construe his complaint. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 5
 After reviewing Mr. Dees' first amended and more definite complaint, we agree with the district court that his claim under 42 U.S.C.1985 must be dismissed. Mr. Dees' 1985 claim is based on either 1985(3) or the second half of 1985(2). To state a claim under 1985(3) or the second half of 1985(2), however, the plaintiff must allege a racial or class-based invidious discriminatory animus against the defendants. See, e.g., Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir.1993); Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429-30 (8th Cir.1986); see also Santistevan v. Loveridge, 732 F.2d 116, 119 (10th Cir.1984) (McKay, J., concurring) (stating that the "Griffin v. Breckenridge rule [which requires the element of racial or class-based animus] applies only to the last half of section 1985(2) and all of section 1985(3)"). Here, Mr. Dees has made no such allegations. As a result, his complaint does not state a viable cause of action under 1985. The district court properly dismissed this claim.
 
 
 6
 The district court also properly dismissed Mr. Dees' 1986 claim. A condition precedent to stating a valid claim under 1986 is the existence of a valid claim under 1985. Santistevan, 732 F.2d at 118. Because Mr. Dees failed to state a cause of action under 1985, he also has failed to state a cause of action under 1986.
 
 B. Dismissal of 42 U.S.C.1983 Claim
 
 7
 The district court dismissed Mr. Dees' 1983 claim against defendant Miller based on prosecutorial immunity and dismissed the 1983 claim against defendants Zakoura, Guenther, Schooler and Morgan on absolute immunity grounds. In the alternative, the district court also held that all the defendants were entitled to qualified immunity. We review de novo the applicability of prosecutorial immunity, absolute immunity and qualified immunity. Arnold v. McClain, 926 F.2d 963, 967 (10th Cir.1991) (prosecutorial immunity); Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1370 (10th Cir.1991), cert. denied, 112 S.Ct. 1160 (1992) (absolute immunity); Powell v. Gallentine, 992 F.2d 1088, 1090 (10th Cir.1993) (qualified immunity).
 
 
 8
 For substantially the same reasons given by the district court, we conclude that defendant Miller is entitled to prosecutorial immunity. "[P]rosecutors are entitled to absolute immunity from 1983 suits for damages when their actions are within the scope of their prosecutorial duties." Arnold, 926 F.2d at 967. Here, Mr. Dees does not allege that defendant Miller, the Miami County Attorney, took any specific actions outside of his authority as prosecuting attorney.
 
 
 9
 We also agree with the district court's conclusion that defendants Zakoura, Guenther, Schooler and Morgan are entitled to absolute immunity. "[A]n official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." Valdez v. City & County of Denver, 878 F.2d 1285, 1286 (10th Cir.1989). Here, defendants Zakoura, Guenther, Schooler and Morgan merely carried out the judicial order to incarcerate Mr. Dees. They did not engage in conduct beyond that prescribed by the order. Because we find that defendants Zakoura, Guenther, Schooler and Morgan are entitled to absolute immunity and that defendant Miller is entitled to prosecutorial immunity, we do not address the qualified immunity issue.
 
 
 10
 We reject all of Mr. Dees' arguments and AFFIRM the district court's order dismissing his claims. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument