69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas HOWELL, Plaintiff-Appellant,
v.
Glen V. KOCH; Marylin N. (last name uncertain); David
Johnson; Spike Adams; Rose Meadows; McGarry, Dr.; Don
Lawson; Jennifer Allison; Robert Miller; Mark R. Olsen;
Joseph Haughain; D. Tornowski; Robert Furlong; Roy Romer,
Defendants-Appellees.
 No. 95-1263.
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Howell, a state inmate and pro se litigant, appeals the judgment of the district court dismissing his civil rights complaint. We grant Mr. Howell permission to proceed in forma pauperis and affirm the decision of the trial court.
 
 
 3
 Mr. Howell filed his pro se complaint against various defendants. The gist of his suit is that his medical condition was negligently treated in a fashion which was indifferent to his medical needs.
 
 
 4
 The district court analyzed Mr. Howell's complaint in a thorough and accurate nine-page order of dismissal which we attach hereto. The district court dismissed the complaint after finding it legally frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Mr. Howell appeals this decision asserting the trial court deliberately construed his complaint "in the worst possible light." He asserts "[t]his case is NOT about a mere difference of opinion" but rather he argues "[i]t is about a deliberate refusal to allow access to a qualified diagnosis, for years." Mr. Howell further argues the "District Court payed mere lip service to the requirement of liberally construing" his complaint. Mr. Howell raised two specific issues: (1) "THE DISTRICT COURT FAILED TO PRESUME ALL OF PLAINTIFF'S FACTUAL ALLEGATION TO BE TRUE AND CONSTRUE THEM IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF"; and (2) "BEFORE DISTRICT COURT MAY DISMISS ACTION ON ITS OWN MOTION, COURT MUST ISSUE AND SERVE PROCESS, MUST NOTIFY PLAINTIFF OF PROPOSED ACTION, AND ALLOW HIM THE OPPORTUNITY TO OPPOSE."
 
 
 6
 We review the dismissal of Mr. Howell's complaint de novo.
 
 
 7
 Mr. Howell is mistaken. First the district court did give to Mr. Howell's complaint the presumption that all well pleaded facts were true and did construe these facts in a light most favorable to Mr. Howell. Second, the district court is under no obligation to allow Mr. Howell further response.
 
 
 8
 We have reviewed the record on appeal. Mr. Howell has failed to persuade this court of any error by the district court.
 
 
 9
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the district court in its order of dismissal.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 10
 Thomas Howell, Plaintiff,
 
 
 11
 v.
 
 
 12
 Glen V. Koch, Marilyn N., David Johnson, Spike Adams, Rose
 
 
 13
 Meadows, Dr. McGarry, Don Lawson, Jennifer Allison, Robert
 
 
 14
 Miller, Mark R. Olsen, Joseph Haughain, D. Tornowski, Robert
 
 
 15
 Furlong, and Roy Romer, Defendants.
 
 Civil Action No. 94-S-2718
 ORDER OF DISMISSAL
 
 16
 SPARR, District Judge.
 
 
 17
 Plaintiff Thomas Howell currently is in the custody of the Colorado Department of Corrections (D.O.C.) at the Limon, Colorado, Correctional Facility. He initiated this action by filing pro se a civil rights complaint pursuant to 42 U.S.C. Secs. 1983, 1985(2) and (3), and 1986 (1994), alleging that the defendants have violated his rights under the United States Constitution. Mr. Howell also has filed a motion for service of process. He seeks money damages as well as injunctive and declaratory relief. In addition, Mr. Howell seeks "criminal sanctions, if appropriate." Complaint at 10.
 
 
 18
 Mr. Howell is proceeding in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a) (1994). The court must construe Mr. Howell's complaint liberally because he is representing himself. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). Under 42 U.S.C. Sec. 1983, a plaintiff must allege that the defendants deprived him of a right secured by the United States Constitution while they acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
 
 
 19
 Pursuant to Local Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. The reference to the magistrate judge pursuant to D.C.COLO.LR 72.4 is vacated. The complaint will be dismissed pursuant to 28 U.S.C. Sec. 1915(d) for the reasons stated below. The motion for service of process will be denied as moot.
 
 
 20
 Mr. Howell alleges that he has suffered from a sleep disorder all of his life which causes him to wake up paralyzed, have hallucinations, slam into walls and furniture once the paralysis ends, suffer from sudden weakness under stress, and incur bouts of intense sleepiness during the waking hours. He further alleges that on March 27, 1987, he was transferred to the Adams County Detention Facility to await trial on state criminal charges. Mr. Howell asserts that he informed the medical staff there of his symptoms, and was sent to the Colorado State Hospital for evaluation twice before trial. He further asserts that he was transferred to the D.O.C. on September 1, 1988, and again, informed the medical staff of his problems but was told he had to wait until he arrived at one of the main prisons before he could get any help. Mr. Howell contends that he did not seek any further medical treatment until February 20, 1990, because he thought his "attacks were from 'demons.' " Complaint at 5.
 
 
 21
 Mr. Howell alleges that he has been incarcerated at the Shadow Mountain and Limon correctional facilities since February, 1990, and that his sleep disorder has not been treated properly during this time. He further alleges that he was not diagnosed as having a treatable medical condition until April, 1993. He asserts that his prison medical records indicate he has sought treatment on over one hundred occasions while incarcerated. Mr. Howell further asserts that despite his numerous requests for treatment, D.O.C. medical personnel repeatedly have delayed ordering tests, and that the tests themselves also have been delayed repeatedly once ordered. He contends that he has tried to hasten the testing procedures by seeking administrative relief through the inmate grievance system "on at least 10 occasions, but to no avail." Complaint at 9. Mr. Howell further contends that, throughout his incarceration in the D.O.C., "various medications or varying doses have been experimented with by the jail and prison physicians, in lieu of adequate testing." Complaint at 6. He alleges that some of these medications have had positive effects in reducing some symptoms, but none has been successful in controlling the attacks completely. He further alleges that his attacks were controlled by the drug Dilantin in June, 1994, but that its use was halted after two weeks because of severe side effects.
 
 
 22
 Mr. Howell contends that the defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him with negligent treatment deliberately indifferent to his serious medical needs. The Eighth Amendment's prohibition against cruel and unusual punishment, however, is not violated by mere negligence. Whitley v. Albers, 475 U.S. 312, 319 (1986). Negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Medical mistreatment is not a constitutional violation merely because the alleged victim is a prisoner. Id.
 
 
 23
 The Eighth Amendment does prohibit prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. Id. at 104-06. Furthermore, a delay in providing medical care to a prisoner may constitute an Eighth Amendment violation, but only if there has been deliberate indifference which results in substantial harm. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993) (citations omitted); see also Reed v. Dunham, 893 F.2d 285, 287 (10th Cir.1990).
 
 
 24
 Mr. Howell alleges that he was treated, just not as quickly as he desired. His allegations do not rise to the level of an Eighth Amendment violation because he fails to allege that he was substantially harmed by the delays. Mr. Howell's real complaint is simply that the treatment he received from the D.O.C. did not eliminate his sleep disorder completely because, he alleges, the tests he wanted conducted were not conducted as quickly as they should have been. Mr. Howell's difference of opinion regarding the diagnoses and treatment he received will not support a claim of cruel and unusual punishment. Estelle, 429 U.S. at 104-06; Olson, 9 F.3d at 1477; Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir.1993); Supre v. Ricketts, 792 F.2d 958, 963 (10th Cir.1986); Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir.1985); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981); McCracken v. Jones, 562 F.2d 22, 24 (10th Cir.1977), cert. denied, 435 U.S. 917 (1978).
 
 
 25
 Furthermore, the relevant Eighth Amendment standard for cruel and unusual punishment requires a particular mental state of deliberate indifference on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991). Mr. Howell alleges no facts to show the defendants acted with deliberate indifference. In fact, the treatment Mr. Howell received was just the opposite of indifference. Mr. Howell alleges that he was examined numerous times by medical personnel and that he was given various prescription drugs in varying doses "[t]hroughout [his] quest to get a diagnosis and/or treatment." Complaint at 6.
 
 
 26
 Mr. Howell's failure to allege the reason or reasons for the alleged improper diagnoses and treatment by the defendants renders that aspect of the deliberate indifference claim vague and conclusory. Conclusory allegations of constitutional violations are insufficient to state an injury of constitutional magnitude in a civil rights action. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986); Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983); Wise v. Bravo, 666 F.2d 1328, 1332-33 (10th Cir.1981).
 
 
 27
 Mr. Howell lists a number of people as defendants who were not personally involved with the medical diagnoses and treatment received by the plaintiff. These are: Spike Adams, the plaintiff's public defender in Adams County in 1987; Joseph Haughain, a grievance officer with the Colorado Attorney General's Office; D. Tornowski, security major at the Limon Correctional Facility; Robert Furlong, warden of the Limon Correctional Facility; and Roy Romer, Governor of Colorado. Mr. Howell fails to allege that any of these defendants personally participated in the actual medical diagnoses and treatment that he received and about which he is now complaining. Personal participation is an essential allegation in a 42 U.S.C. Sec. 1983 action. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976); Massey v. Wilson, 484 F.Supp. 1332, 1333 (D.Colo.1980). These defendants apparently are being sued merely because of their positions of authority at the Limon Correctional Facility and the State of Colorado. These defendants may not be held liable in a civil rights action merely because of their supervisory positions. Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir.1983). There are additional reasons why these defendants could be dismissed from this action. In the interest of brevity, however, the court will not discuss them.
 
 
 28
 The court next will address Mr. Howell's claims asserted pursuant to 42 U.S.C. Sec. 1985. Under Sec. 1985(3), the plaintiff must allege "class-based, invidiously discriminatory animus behind the conspirators' action." United Brotherhood of Carpenters & Joiners of Amer., Local 610 v. Scott, 463 U.S. 825, 829 (1983) (emphasis added). The Tenth Circuit has determined that "the classes covered by Sec. 1985 should not be extended beyond those already expressly provided for by the [United States Supreme] Court." Wilhelm v. Continental Title Co., 720 F.2d 1173, 1176 (10th Cir.1983), cert. denied, 465 U.S. 1103 (1984). The claims asserted under Sec. 1985(3) will be dismissed because Mr. Howell has not alleged that he is a member of a class covered by Sec. 1985.
 
 
 29
 Mr. Howell also asserts claims pursuant to 42 U.S.C. Sec. 1985(2). Section 1985(2) contains four clauses which create four distinct causes of action. Wright v. No Skiter, Inc., 774 F.2d 422, 425 (10th Cir.1985) (citations omitted). These are:
 
 
 30
 A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein ... or
 
 
 31
 B. to injure such party or witness in his person or property on account of his having so attended or testified, or
 
 
 32
 C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or
 
 
 33
 D. to injure him or his property for lawfully enforcing ... the right of any person, or class of persons, to the equal protection of the laws.
 
 
 34
 Wright, 774 F.2d at 425.
 
 
 35
 Mr. Howell fails to allege under which clause his claims arise. Furthermore, the plaintiff fails to allege any conspiracy on the part of the defendants. Even if Mr. Howell's complaint could be liberally construed to allege a conspiracy, though, his claims still must be dismissed. Clauses C and D require that the conspiracy be class-based, like Sec. 1985(3) discussed above. Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir.1984). Mr. Howell does not allege that he is a member of a class covered by Sec. 1985. Clause A is aimed at conspiracies to discourage parties or witnesses from attending or testifying in court, and Clause B is aimed at conspiracies to injure a party or witness for having attended or testified in court. Id. Mr. Howell makes no allegations relating to any party or witness attending or testifying in court. Therefore, Mr. Howell's claims under Sec. 1985(2) will be dismissed.
 
 
 36
 Liability under 42 U.S.C. Sec. 1986 is derivative of Sec. 1985 liability. Without a violation of Sec. 1985, there can be no violation of Sec. 1986. Wright, 774 F.2d at 426. Mr. Howell may not sue the defendants for damages under Sec. 1985 or Sec. 1986.
 
 
 37
 As previously stated, Mr. Howell is proceeding in forma pauperis pursuant to 28 U.S.C. Sec. 1915, the federal in forma pauperis statute. Subsection (a) of Sec. 1915 allows a litigant to commence a lawsuit without prepayment of fees and costs. Subsection (d) of Sec. 1915 is intended to discourage the filing of frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Subsection (d) gives judges the authority to dismiss sua sponte a complaint based upon an indisputably meritless legal theory or factual allegations that clearly are baseless. Neitzke, 490 U.S. at 327; see also 28 U.S.C. Sec. 1915(d). Claims of infringement of a legal interest which clearly does not exist or claims in which the plaintiff's factual allegations do not support an arguable claim are legally frivolous claims. Neitzke, 490 U.S. at 327. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The district court may pierce the veil of the complaint's factual allegations, and determine that the facts alleged are fantastic or delusional and warrant dismissal for factual frivolousness. Neitzke, 490 U.S. at 327; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). The complaint will be dismissed as legally frivolous pursuant to Sec. 1915(d). Accordingly it is
 
 
 38
 ORDERED that the reference to the magistrate judge pursuant to D.C.COLO.LR 72.4 is vacated. It is
 
 
 39
 FURTHER ORDERED that the complaint is dismissed as legally frivolous pursuant to 28 U.S.C. Sec. 1915(d). It is
 
 
 40
 FURTHER ORDERED that the motion for service of process is denied as moot. It is
 
 
 41
 FURTHER ORDERED that the complaint and the action are dismissed.
 
 
 42
 DATED at Denver, Colorado, this 12th day of May, 1995.
 
 Thomas Howell # 58902
 Limon Correctional Facility
 P.O. Box 10,000
 Limon, CO 80826
 Office of the Attorney General
 Attention John Lizza
 First Assistant Attorney General
 Human Resources Section
 1525 Sherman Street, 5th Floor
 Denver, CO 80203
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470